IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Jerry Davis, #270224, ) | Civil Action No.: 3:12-1292-MGL-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER AND OPINION** |
| ) | |
| Willie Eagleton, Warden, ) | |
| ) | |
| Defendant. ) | |

Plaintiff Jerry Davis is an inmate in custody of the South Carolina Department of Corrections (SCDC). He is currently housed at the Evans Correctional Institution in Bennettsville, South Carolina. On May 22, 2012, Plaintiff proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 due to being put on a special diet by medical personnel. Plaintiff also contends he needs medical treatment because he has high blood pressure, heart trouble, a broken left arm, and no teeth (Dkt. #1 at 3-5.) In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. On June 12, 2012, Magistrate Judge McCrorey issued a Report and Recommendation recommending *inter alia* that the court dismiss Plaintiff's complaint without prejudice due to Plaintiff's failure to exhaust his administrative remedies.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). The court may

also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made. On June 12, 2012, Plaintiff was advised of his right to file objections to the Report and Recommendation. (Dkt. #8 at 8). However, he has not done. In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and this action is DISMISSED without prejudice and without service of process.

## CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

(c) (2) A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right.

(c) (3) The certificate of appealability ... shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee*,

252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

    IT IS SO ORDERED.

                                                  /s/ Mary G. Lewis
                                        United States District Judge

Spartanburg, South Carolina
July 25, 2012.